UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLUCCI, COLUCCI, MARCUS, AND FLAVIN, P.C.,<br>*Plaintiff*,<br><br>v.<br><br>CITIZENS BANK OF MASSACHUSETTS,<br>*Defendant*. | C.A. No. 1:15-cv-13536-GAO |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties that:

1. This Stipulation governs the use of all documents obtained from any of the undersigned parties during the course of the above-captioned action. If endorsed and ordered by the Court, the provisions set forth herein will apply to all parties in the litigation, whether presently existing or added in the future. This Stipulation does not restrict any party's use of discovery material that was not obtained in discovery, that is or becomes publicly available or that it obtains from any third party. All such discovery material obtained from the producing party shall be used only for purposes of this litigation (including alternative dispute resolution procedures and appeals, if any).

2. At any time, any party may designate all or any part of such discovery material produced by them as confidential, to be treated in accordance with the provisions of this Stipulation. Such designation shall be in writing either in a letter identifying the discovery material(s) being designated, or by a stamp or other appropriate mark on the discovery material. A designation of "CONFIDENTIAL" will mean that the party believes in good faith that the document contains confidential material which is unavailable to the public.

3. Counsel of record for the parties shall have the right to disclose confidential material pursuant to this agreement only to the following persons to the extent that their knowledge of such confidential material is necessary for the prosecution, defense or settlement of this matter:

(a) Parties;

(b) Counsel of record for the parties of record in this matter and the partners, associates and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c) Court personnel (including court reporters), including by way of briefs or other papers filed with the Court;

(d) Commercial photocopying firms;

(e) Any law enforcement agency or governmental body, upon request;

(f) Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this matter. Access to confidential material shall be limited to what is reasonably required in the role of expert, consultant, and investigator. Such persons must agree in writing to be bound by the terms of this order;

(g) Litigation support firms retained by counsel or a party in order to assist in the prosecution or defense of this matter. Access to confidential material shall be limited to that which the litigation support firms reasonably require in their roles as litigation support firms;

(h) Any person that a party believes in good faith may be called to give testimony at any stage of the proceedings on matters relating to confidential material. Access to confidential material shall be limited to that which is necessary for the preparation and/or testimony of such witnesses. Such persons must agree in writing to be bound by the terms of this order; and

(i) Other persons authorized by the Court upon a showing of good cause.

4. Each person other than parties, counsel, court personnel, law enforcement agency, governmental body, commercial photocopying firms, or litigation support firms to whom disclosure of confidential material is to be made shall be provided with a copy of this Stipulation.

5. Each party may further designate confidential discovery material produced by it as "HIGHLY CONFIDENTIAL": (1) upon a good faith belief that the disclosure of such information to persons other than the opposing party, the opposing party's attorneys, and the opposing party's retained testifying experts would be so materially harmful to the producing party as to cause a court to order that the information not be disseminated beyond the opposing party, the opposing party's attorneys, and the opposing party's retained testifying experts; or (2) upon a good faith belief that the disclosure of such information would reveal proprietary or competitive information. All such documents shall be stamped "HIGHLY CONFIDENTIAL." A document designated as "HIGHLY CONFIDENTIAL" may not be disseminated to anyone other than the parties, their attorneys, and their retained testifying experts. If, upon review of such designated documents, the non-producing party objects to the designation, it shall notify the producing party in writing and, if requested, shall return the documents so designated to the producing party. The producing party shall then, within a reasonable time, either seek an

appropriate protective order or remove the designation and produce the documents with a less restrictive designation. A party wishing to file such "HIGHLY CONFIDENTIAL" documents with the Court in support of a motion or otherwise shall either obtain the consent of the producing party or shall file the documents under seal. In the event that a party fails to file a document designated as "HIGHLY CONFIDENTIAL" under seal, upon notice from the producing party, the filing party shall take all steps necessary to ensure that the document is sealed. Nothing in this paragraph shall prevent any party from disclosing documents designated "HIGHLY CONFIDENTIAL" to any law enforcement agency or governmental body, upon request.

6. Promptly upon conclusion of this litigation and any appeals therefrom, copies of all confidential and highly confidential material supplied by any party shall be returned to the producing party or destroyed. However, counsel may retain copies of briefs and other papers filed with the Court, and one set of exhibits marked at depositions, trials or hearings, which contain or constitute confidential or highly confidential material. The parties, through counsel, shall confirm that all confidential and highly confidential material that has not been returned to the producing party has been destroyed.

7. The inadvertent or unintentional production of documents containing, or other disclosure of, confidential, proprietary, or secret information without being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the production or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product

shall not be deemed a waiver in whole or in part of a party's claim of privilege or work product protection, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or production shall be corrected as soon as reasonably possible after the designating party becomes aware of the error.

8. A third party who is asked to produce documents in this matter may produce said documents according to the provisions set forth herein.

9. The restrictions provided in this Stipulation shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further order of the court; provided, however, that this Stipulation shall not be construed (a) to prevent any party or its respective counsel, or any person receiving material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Stipulation, from making use of information which, as evidenced by written records or other convincing evidence, was lawfully in the possession of such party; (b) to apply to information which, as evidenced by written records or other convincing evidence, is or was public knowledge at the time of or prior to disclosure in this litigation, or which, after such disclosure, becomes public knowledge other than by violation of this Stipulation; or (c) to apply to information which, as evidenced by written records or other convincing evidence, any party of its counsel has lawfully obtained or shall hereafter lawfully obtain from a nonparty to this litigation.

10. Any party to this Stipulation may agree in writing or on the record during any deposition or testimony to waive this Stipulation with respect to any materials it has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." No waiver pursuant to this paragraph shall constitute, or have the effect of, a waiver of the confidentiality or privilege of any material other than specifically identified therein.

11. This Stipulation shall not prejudice the right of any party or subscriber to this Stipulation to seek relief from the court at any time from any of the provisions hereof, or to bring before the court at any time the question of whether or not any particular information is in fact confidential or proprietary, or admissible or relevant to the subject matter of this litigation, or whether or not its use should be restricted in any way, or to present a motion to the Court for a separate Stipulation as to any information differing from that specified herein.

12. This Stipulation shall not prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order.

Dated: August 2, 2016

| Plaintiff, | Defendant, |
|---|---|
| COLUCCI, COLUCCI, MARCUS, AND FLAVIN, P.C., | CITIZENS BANK, N.A., |
| By its Attorneys, | By its Attorneys, |
| | /s/ Brenna A. Force |
| /s/ Brendan R. Pitts | Geoffrey W. Millsom (BBO#653821) |
| Paul K. Flavin (BBO#171145) | Brenna Anatone Force (BBO#681486) |
| Brendan R. Pitts (BBO#673308) | ADLER POLLOCK & SHEEHAN, P.C. |
| Colucci, Colucci, Marcus & Flavin, P.C. | 1 Citizens Plaza, 8th Floor |
| 424 Adams Street | Providence, RI 02903 |
| Milton, MA 02186 | (401) 274-7200 |
| (617) 698-6000 | Fax: (401) 351-4607 |
| PFlavin@coluccilaw.com | gmillsom@apslaw.com |
| BPitts@coluccilaw.com | |

So Ordered:

_/s/ George A. O'Toole, Jr._
8/4/16

746191.v1